Case 7:20-cv-00912-KMK   Document 16   Filed 06/17/20   Page 1 of 13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHARTWELL THERAPEUTICS LICENSING LLC,

                Plaintiff,

vs.

HARRIS PHARMACEUTICAL, INC.,

                Defendant.

No. 7:20-cv-912 (KMK) (LMS)

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

---

**WHEREAS**, the parties to this action (jointly the "Litigants" and each individually a "Litigant") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery or trial in this action;

**WHEREAS**, the Litigants, through counsel, agree to the following terms; and

**WHEREAS**, this Court finds good cause exists for issuance of an appropriately tailored protective order governing the pretrial phase of this action,

**IT IS HEREBY ORDERED** that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts, and consultants, witnesses, third parties/non-parties, and all other interested persons with actual or constructive notice of this Order – will adhere to the following terms, upon pain of contempt:

1.      With respect to "Discovery Material" (*i.e.*, information of any kind produced, disclosed, or made available for viewing or inspection in the course of discovery in this action, including information produced, provided, or maintained by third parties) that a person has designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Order, no person subject

to this Order may disclose such Confidential or Attorneys'-Eyes-Only Discovery Material to anyone else except as this Order expressly permits. Additionally, no person subject to this Order may utilize such Confidential or Attorneys'-Eyes-Only Discovery Material except as provided for herein.

2.      As limited by the standards set forth below, any Discovery Material produced subject to the terms of this Order may be considered "Confidential" or "Attorneys' Eyes Only" and given confidential treatment as described below. All protected Discovery Material produced subject to this Order shall be designated or stamped "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as appropriate.

3.      Any Litigant or non-party producing, disclosing, or making available for inspection and viewing Discovery Material (a "Producing Party") may designate as "Confidential" only the portion(s) of such material or information that it reasonably and in good faith believes consists of (a) confidential or propriety technical, financial, commercial, or business information; (b) information that constitutes a trade secret; (c) highly personal information; or (d) information the Producing Party received in confidence from any source.

4.      The Producing Party may designate as "Attorneys' Eyes Only" only the portion(s) of Discovery Material that it reasonably and in good faith believes consists of Discovery Material that is so competitively sensitive that it could cause competitive harm to that Producing Party, or any other Litigant or non-party, if disclosed to persons other than the Producing Party.

5.      Where a Producing Party has designated Discovery Material as Confidential, anyone receiving such Confidential Discovery Material may disclose such Confidential information only to the following persons:

        a.      the recipient's attorneys representing it in this action;

2

b.      outside experts or consultants retained by the recipient's counsel for purposes of this action, provided they have signed a Non-Disclosure Agreement in the form attached hereto as Exhibit A;

c.      secretarial, paralegal, clerical, duplicating, and data processing personnel of the foregoing;

d.      the Court, including any court of appeal, and court personnel;

e.      any noticed or subpoenaed deponent, provided that it appears that the witness authored or received a copy of the Discovery Material, was involved in the subject matter described therein, or is employed by the Producing Party, or if the Producing Party consents to such disclosure;

f.      any vendor retained by or for the Litigants to host or store electronic discovery or to assist in preparing for pretrial discovery, trial, and/or hearings, including, but not limited to, court reporters, videographers, litigation support personnel, copy services, jury consultants, and individuals retained to prepare demonstrative and/or audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided that such vendor first executes a Non-Disclosure Agreement in the form attached hereto as Exhibit A;

g.      any mediator or arbitrator that the Litigants engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto as Exhibit A; and

h.      the Litigants' officers, directors, employees, and/or agents who are required to participate in decisions with reference to this lawsuit.

6.      Where a Producing Party has designated Discovery Material as "Attorneys' Eyes Only," anyone receiving such Attorneys'-Eyes-Only Discovery Material may disclose such information only to the following persons:

a.      the recipient's attorneys representing it in this action;

b.      outside experts or consultants retained by recipient's counsel for purposes of this action, provided they have first signed a Non-Disclosure Agreement in the form attached hereto as Exhibit A;

c.      secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d.      the Court, including any court of appeal, and court personnel;

3

e.   any deponent, provided that it appears that the witness authored or received a copy of the Discovery Material, or if the Producing Party consents to such disclosure;

f.   any vendor identified in Paragraph 5(f) above, provided that such vendor first executes a Non-Disclosure Agreement in the form attached hereto as Exhibit A; and

g.   any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto as Exhibit A.

7.   With respect to the Confidential or Attorneys'-Eyes-Only portions of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as Confidential or Attorneys' Eyes Only by marking the same as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as appropriate.

8.   A Producing Party claiming that Discovery Material that is electronically stored or that otherwise cannot conveniently be labeled pursuant to this Order (including without limitation information maintained by the Litigants' third-party logistics providers) shall notify opposing counsel in writing, prior to such information being made available to the recipient, that such information is designated and shall be kept as Confidential or Attorneys' Eyes Only (as the case may be) pursuant to the terms of this Order.

9.   A Producing Party or its counsel may designate portions of deposition transcripts as Confidential or Attorneys'-Eyes-Only Discovery Material either by: (a) making a statement on the record before the close of the deposition that specifies those portions of the transcript that shall be so designated pursuant to this Order, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as appropriate; or (b) within fourteen days after receipt of the final deposition transcript, notifying the reporter and all counsel of record in writing of the specific pages and lines of the transcript that are to be designated Confidential or Attorneys' Eyes Only. During the period

4

between the deposition and the time when the fourteen-day period after receipt of the final transcript has run, all deposition transcripts shall be treated as Confidential Discovery Material in the manner provided for in this Order.

10.     Recipients of Confidential or Attorneys'-Eyes-Only Discovery Material under this Order shall keep and maintain such Discovery Material in the strictest of confidence and may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose, or in any other action or proceeding (including, but not limited to, arbitration, mediation, or any other formal or informal dispute resolution process other than between the Litigants and for the purpose of resolving the claims in this action).  Each person who has access to Discovery Material designated as Confidential or Attorneys' Eyes Only pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.  Nothing contained in this Order, however, will affect or restrict the rights of any Producing Party with respect to its own Discovery Material produced in this action.

11.     No information that is in the public domain, which is already known by the receiving Litigant through proper means, which is or becomes available to a Litigant from a source other than a Producing Party who asserts that such information is confidential, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential or Attorneys' Eyes Only material under this Order.

12.     If counsel for a Litigant receiving Discovery Material designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such material, the following procedure shall apply:

    a.     Counsel for the objecting Litigant shall serve on the Producing Party via email or letter a written objection to such designation, which shall describe

5

Case 7:20-cv-00912-KMK   Document 16   Filed 06/17/20   Page 6 of 13

with particularity the Discovery Material in question and shall state the grounds for objection. Counsel for the Producing Party shall respond in writing via email or letter to such objection within 14 days, and shall state with particularity the grounds for asserting that the Discovery Material is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the Producing Party makes a timely response to such objection asserting the propriety of the designation, counsel shall then meet and confer in good faith in an effort to resolve the dispute.

b.     If a dispute as to a Confidential or Attorneys'-Eyes-Only designation of Discovery Material cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.2 and the Court's Individual Practices, before filing a formal motion for an order regarding the challenged designation. The Discovery Material that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

13.     To the extent consistent with applicable law, the inadvertent or unintentional disclosure or production of Confidential or Attorneys'-Eyes-Only Discovery Material that should have been designated as such, regardless of whether such material was so designated at the time of disclosure or production, shall not be deemed a waiver in whole or in part of a Producing Party's claim of confidentiality, either as to the specific Discovery Material disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all Litigants to whom the Discovery Material was disclosed that the material should have been designated Confidential or Attorneys' Eyes Only, within a reasonable time after becoming aware of the inadvertent or unintentional disclosure or production. Such notice shall constitute a designation of the Discovery Material as Confidential or Attorneys' Eyes Only under this Order.

14.     When the inadvertent or mistaken disclosure or production of any Discovery Material protected by privilege, work-product immunity, or any other applicable protection is discovered by the Producing Party and brought to the attention of the recipient(s), each recipient

Case 7:20-cv-00912-KMK   Document 16   Filed 06/17/20   Page 7 of 13

shall treat such material in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure or production of such Discovery Material shall not by itself constitute a waiver by the Producing Party of any claims of privilege. work-product immunity, or any other applicable protection, and Federal Rule of Evidence 502(b) and (d) shall apply. However, nothing herein restricts the right of the recipient to challenge the Producing Party's claim of privilege or other protection within a reasonable time after receiving notice of the inadvertent or mistaken disclosure or production.

The party or non-party receiving the information that it believes is subject to attorney-client privilege and/or attorney work-product immunity but was inadvertently disclosed shall promptly notify the producing party of that belief. No party or non-party that received the inadvertently produced or disclosed information under the provisions of this Order may use any Documents received that may have been inadvertently disclosed unless and until ruling by the Court, nor may that party use any information contained in or obtained from such inadvertent production in this action or for any purpose absent ruling from the Court. If the Receiving Party or non-party wishes to challenge the propriety of the claim of privilege or immunity, it may do so only by filing a motion with the Court. The inadvertently disclosed information must be preserved until the claim is resolved.

15.     This Order shall not deprive any Litigant or non-party of its right to object to discovery by any other Litigant, nor limit any Litigant's or non-party's rights with respect to Discovery Material except as specifically provided herein. This Order is being entered without prejudice to the right of any Litigant to move the Court for modification or for relief from any of its terms.

Case 7:20-cv-00912-KMK   Document 16   Filed 06/17/20   Page 8 of 13

16.     In filing Confidential or Attorneys'-Eyes-Only Discovery Material with the Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential or Attorneys'-Eyes-Only-Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System.  The Parties shall file an un-redacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with un-redacted courtesy copies of the Confidential Court Submission. To the extent the procedure outlined in this paragraph is contrary to the Local Civil Rules of this Court, or the Court's Individual Practices, those Local Civil Rules or Individual Practices shall control.

17.     Before trial or any Court hearing in this action at which counsel for a Litigant may wish to present Discovery Material designated Confidential or Attorneys' Eyes Only pursuant to this Order, counsel for the Litigants, and the Producing Party if it is not a party to this action, shall confer regarding the appropriate means to protect the confidentiality of the information that counsel desires to present to the Court or at trial.  If counsel cannot reach an agreement, counsel may apply to the Court for resolution of the issue.

18.     The Court retains the discretion as to whether to afford Confidential or Attorneys'-Eyes-Only treatment to any Discovery Material designated as Confidential or Attorneys' Eyes Only and submitted to the Court in connection with any motion, application, hearing, or trial in this action.

19.     Nothing in this Order will prevent any Litigant from producing any Confidential or Attorneys'-Eyes-Only Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Litigant gives written notice to the Producing Party of the subpoena

8

Case 7:20-cv-00912-KMK  Document 17  Filed 06/17/20  Page 9 of 13

or other request as soon as reasonably possible, and if possible by the time allowed under the request, at least 10 days before any disclosure.  Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice, if the Producing Party deems it appropriate to do so.

20.    This Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

21.    This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

22.    Within ninety (90) says of the final conclusion of this action, including all appeals and expiration of time to file appeals, each Litigant or other individual subject to the terms hereof shall assemble and return to the originating source all originals and unmarked copies of Confidential or Attorneys'-Eyes-Only Discovery Material, or, at the election of the Producing Party, destroy, all copies of Confidential or Attorneys'-Eyes-Only Discovery Material that contain and/or constitute attorney work product, as well as excerpts, summaries and digests revealing Confidential or Attorneys'-Eyes-Only Discovery Material, and to certify to the applicable Producing Party that the material has been returned or destroyed; provided, however, that counsel may retain complete copies of all transcripts and pleadings, including any exhibits attached thereto, for archival purposes, subject to the provisions of this Order.  To the extent a Party requests the return of Confidential or Attorneys'-Eyes-Only material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the Party shall file a motion seeking such relief.

Dated: June 17, 2020

WESTERMAN BALL EDERER MILLER
ZUCKER & SHARFSTEIN, LLP

By: _____ /s/ Annie P. Kubic _____

   Annie P. Kubic
   1201 RXR Plaza
   Uniondale, New York 11556
   (516-622-9200)
   akubic@westermanllp.com


HAHN & HESSEN LLP

By: _____ /s/ Stephen J. Grable _____

   Gilbert Backenroth
   Stephen J. Grable
   Steven R. Aquino
   488 Madison Avenue
   New York, New York 10022
   Telephone: 212-478-7200
   Fax: 212-478-7400
   jamato@hahnhessen.com
   saquino@hahnhessen.com

*Attorneys for Plaintiff Chartwell
Therapeutics Licensing LLC*


MORGAN, LEWIS & BOCKIUS LLP

By: *Michael Tracht*

   Michael E. Tracht
   101 Park Avenue
   New York, New York 10178-0060
   212-309-6000
   michael.tracht@morganlewis.com

   John K. Gisleson
   (*pro hac vice* application forthcoming)
   One Oxford Centre, 32nd Floor
   Pittsburgh, PA 15219-6401
   412-560-3300
   john.giselson@morganlewis.com

*Attorneys for Defendant
Harris Pharmaceutical, Inc.*


**IT IS SO ORDERED**.


Dated: _____ 6/17/20 _____

   Kenneth M. Karas
   United States District Judge

10

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHARTWELL THERAPEUTICS LICENSING
LLC,

            Plaintiff,              Civil Action No. 7:20-cv-912 (KMK) (LMS)

            vs.

HARRIS PHARMACEUTICAL, INC.,       **NON-DISCLOSURE AGREEMENT**

            Defendant.

---

I, _____, acknowledge that I have received a copy of, have read, and understand all terms of the Protective Order in this action governing the use of Confidential or Attorneys'-Eyes-Only Discovery Material. I represent that I am a person or authorized representative of an entity permitted by the Protective Order to obtain such Discovery Material. I agree that I will not disclose such Discovery Material to anyone other than the permitted recipients specified in the Protective Order and will use such Discovery Material only for purposes of this action. I further agree that, within ninety (90) days after the final conclusion of this action, including exhaustion of all appeals, I will return all Confidential and Attorneys'-Eyes-Only Discovery Material to the Producing Party or attorney from whom I received it. I understand that I am submitting myself of the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order, or of this Non-Disclosure Agreement, could subject me to punishment for contempt of Court.

To the extent that I am signing this Non-Disclosure Agreement on behalf of an entity authorized to receive Confidential or Attorneys'-Eyes-Only Discovery Material pursuant to the

Case 7:20-cv-00912-KMK   Document 16   Filed 06/17/20   Page 13 of 13

Protective Order, the terms of this Non-Disclosure Agreement and the Protective Order shall bind

myself personally and the company on whose behalf I am executing it.


Dated: _____          Signature: _____

                                    Company: _____